# ROTH & ROTH, LLP

192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

July 1, 2020

**VIA ECF**
Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



  Re: *Dabah* v. *Franklin, et al.*, **19-cv-10579 (ALC)**

Dear Honorable Judge Carter:

  Carolyn Kubitschek and I are co-counsel for Plaintiff. Plaintiff respectfully submits this letter motion to request that the Court issue an Order (1) requiring Corporation Counsel to disclose the home address of defendant Rica Omeus[1] to Plaintiff within one week of the date of this letter; (2) pursuant to Rule 4(m), for good cause, extending the 90-day time period to serve Ms. Omeus until 60 days after Corporation Counsel discloses her home address; and (3) in light of the coronavirus public health crisis, permitting the Plaintiff to serve Ms. Omeus by regular mail at her home address. Opposing counsel, Lana Koroleva, has informed us that she would not oppose the instant request, but that she was not permitted to disclose Ms. Omeus' home address absent a Court order.

  By way of background, this action asserts various claims under 42 U.S.C. § 1983 and New York State Law against the individual defendants—employees of the Administration for Children's Services ("ACS")—and the City of New York. The action arises from defendants' illegal seizure of plaintiff's children from plaintiff without probable cause or due process of law, defendants' interference with the liberty interest of plaintiff in his children, and defendants' wrongful prosecution of plaintiff in the New York Family Court.

  This action was commenced on November 14, 2019. ECF No. 1. Pursuant to the City of New York's protocols for service on ACS employees, Ms. Omeus and the rest of the individual defendants were properly served at 150 Williams Street, New York, NY 10038 pursuant to Rule 4(e)(2)(C) on November 20, 2019. ECF No. 26.

---

[1] Sued under her former name, Rica Hazelwood.

1

On December 9, 2019, Corporation Counsel requested additional time, until January 31, 2020, to answer the Complaint on behalf of the City of New York and the six individual ACS employees. ECF No. 29. In their letter, Corporation Counsel stated that "[t]he extension of time will allow my office to confirm which, if any, of the individual defendants are employed at ACS, and communicate with them and determine whether my office will represent them, and to allow us to ascertain whether service was proper as to all of the Defendants." ECF No. 29.

On January 31, 2020, Corporation Counsel submitted a letter which requested a pre-motion conference on their anticipated Rule 12(b)(6) motion. ECF No. 31. In that letter, Corporation Counsel confirmed that Ms. Omeus was still employed by ACS but was "on leave" and so they were "not yet able to confirm with her that she seeks our office's representation or to conduct a representation interview." *Id*. Notably, in its letter, Corporation Counsel raised several grounds for their anticipated motion to dismiss—however, they did not claim that Ms. Omeus or any of the other individual defendants were improperly served. *Id*.

On June 3, 2020, the Court issued an order stating that defendants should write to the Court by June 8, 2020 to advise whether Ms. Omeus is requesting the City's representation and joins in their request for a promotion conference. ECF No. 36.

On June 8, 2020, Corporation Counsel informed the Court and Plaintiff that they do not represent Ms. Omeus in this matter, and that defendant Omeus does not join in their request for the pre-motion conference. ECF No. 37. Plaintiff immediately requested that Corporation Counsel provide Ms. Omeus' home address so we could serve her with a notice of her default in this matter. After several follow up communications, Corporation Counsel stated that she could not provide Ms. Omeus' home address but would check if Ms. Omeus would consent to service by email.

Finally, yesterday, June 30, 2020, Corporation Counsel informed us that "I was just notified that we haven't obtained her consent to email service," but that they would not oppose Plaintiff's request for a Court order requiring corporation counsel to disclose her home address. Exhibit "A", June 30, 2020 email.

Plaintiff's position is that Ms. Omeus was properly served with the Summons and Complaint under Rules 4(e)(1) and (4)(e)(2)(C). The City of New York has appointed the Clerk at its offices at 150 Williams Street, New York, NY 10038 as the authorized agent to receive service of process for ACS employees. Ms. Omeus was employed by ACS, an agency of the City of New York, when the summons and complaint were served on November 14, 2019. Moreover, Corporation Counsel has never claimed that Ms. Omeus was improperly served.

However, Corporation Counsel's communications with Plaintiff and the Court do not indicate that counsel has actually communicated with Ms. Omeus about this lawsuit. Thus, out of an abundance of caution, and to avoid any claim by Ms. Omeus that she was improperly served, Plaintiff seeks an order for "good cause" pursuant to Rule 4(m) extending the 90-day time period to serve Ms. Omeus with the summons and complaint.

Pursuant to Rule 4(m):

2

> "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed R. Civ. P. 4(m).

Plaintiff respectfully submits that, for the reasons detailed herein, he has shown good cause for any hypothetical failure to properly serve Ms. Omeus with the summons and complaint.

Accordingly, Plaintiff respectfully submits this letter motion to request that the Court issue an Order (1) requiring Corporation Counsel to disclose Ms. Omeus' home address to Plaintiff within one week of the date of this letter; (2) pursuant to Rule 4(m), for good cause, extending the 90-day time period to serve Ms. Omeus until 60 days after corporation counsel discloses her home address; and (3) in light of the coronavirus public health crisis, permitting the Plaintiff to serve Ms. Omeus by regular mail at her home address. Thank you for your consideration.

Respectfully Submitted,

~//s//~

Elliot D. Shields

//s//

Carolyn A. Kubitschek

cc: Counsel of Record

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

9/20/20

Corporation Counsel should disclose Ms. Omeus's home address to Plaintiff by September 28, 2020. The requested 90-day extension is granted. Plaintiff may serve Ms. Omeus by regular mail at her home address.

3