19-CV-10579 (ALC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLIOT DABAH,

Plaintiff,

-against-

NICOLE FRANKLIN, RICA HAZELWOOD, FELIX
DUMAY, individually and as manager, MYRTLE
GREEN, SHARON ATKINS, SHERILL DOUGLAS-
ALEXIS, individually and as manager, and CITY OF
NEW YORK,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:*
*Lana Koroleva*
*Matter No. 2019-078804*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 2

STANDARD OF REVIEW ............................................................................................. 3

ARGUMENT

    POINT I

        PLAINTIFF CANNOT ESTABLISH A CLAIM
        FOR A VIOLATION OF ANY FEDERAL
        CONSTITUTIONAL RIGHT ....................................................................5

        A.    Plaintiff Does Not State a Fourteenth
            Amendment Due Process Claim ..........................................................6

        B.    Plaintiff Does Not State a Right to Intimate
            Association Claim ...............................................................................10

        C.    Plaintiff Does Not State a Malicious
            Prosecution Claim ..............................................................................10

        D.    Plaintiff Does Not State an Abuse of Process
            Claim ..................................................................................................12

    POINT II

        PLAINTIFF FAILS TO ALLEGE FACTS
        SHOWING THAT HIS INJURIES AROSE FROM
        AN OFFICIAL POLICY OR PRACTICE GIVING
        RISE TO MUNICIPAL LIABILITY .......................................................13

    POINT III

        THE INDIVIDUAL DEFENDANTS ARE
        ENTITLED TO QUALIFIED IMMUNITY ............................................16

**Page**

POINT IV

        THE COURT SHOULD NOT EXERCISE
        SUPPLEMENTAL JURISDICTION OVER
        PLAINTIFF'S STATE LAW CLAIMS ....................................................17

CONCLUSION.................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

*Ajamu Uwadiegwu v. Dept. of Soc. Servs.*,
    91 F. Supp. 3d 391 (E.D.N.Y. 2005) ...................................................................7, 10

*Amnesty Am. v. Town of W. Hartford*,
    361 F.3d 113 (2d Cir. 2004)..............................................................................15

*Anderson v. City of New York*,
    657 F. Supp. 1571 (S.D.N.Y. 1987).................................................................16

*Anilao v. Spota*,
    774 F. Supp. 2d 457 (E.D.N.Y. 2011) .............................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).....................................................................................4, 17

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)..................................................................................4

*Bd. of County Comm'rs v. Brown*,
    520 U.S. 397 (1997)....................................................................................13, 14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................4

*Bentley v. Dennison*,
    852 F. Supp. 2d 379 (S.D.N.Y. 2012)................................................................4

*Berry-Mayes v. N.Y. Health & Hosps. Corp.*,
    14-CV-9891, 2016 U.S. Dist. LEXIS 195175 (S.D.N.Y. Sept. 19, 2016)........ 17-18

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)...............................................................................4

*Cleveland v. Caplaw Enters.*,
    448 F.3d 518 (2d Cir. 2006)...............................................................................4

*Connick v. Thompson*,
    563 U.S. 51 (2011).............................................................................................14

*Cook v. Sheldon*,
    41 F.3d 73 (2d Cir. 1994)..................................................................................12

*Cornejo v. Bell*,
    592 F.3d 121 (2d Cir. 2010).........................................................................5, 16

**Cases**                                                                       **Pages**

*Cox v. Warwick Valley Cent. Sch. Dist.*,
    654 F.3d 267 (2d Cir. 2011).............................................................................6

*Curry v. City of Syracuse*,
    316 F.3d 324 (2d Cir. 2003)...........................................................................16

*DeCarlo v. Fry*,
    141 F.3d 56 (2d Cir. 1998)..............................................................................16

*Fulton v. Robinson*,
    289 F.3d 188 (2d Cir. 2002)...........................................................................11

*Graham v. City of New York*,
    869 F. Supp. 2d 337 (E.D.N.Y. 2012) ....................................................... 11-12

*Hoyos v. City of New York*,
    999 F. Supp. 2d 375 (E.D.N.Y. 2013) ...........................................................13

*Matter of Ivan S. (Irene S.)*,
    993 N.Y.S. 2d 644, 2014 N.Y. Slip op 50836(U)
    (Sup. Ct. Franklin Co. May 13, 2014) ........................................................2, 5

*Estate of Keenan v. Hoffman-Rosenfeld*,
    No. 16-cv-0149, 2019 U.S. Dist. LEXIS 126330 (E.D.N.Y. July 29, 2019)...................10, 11

*Koger v. New York*,
    No. 13-cv-7969, 2014 U.S. Dist. LEXIS 105764 (S.D.N.Y. July 31, 2014) ..........................16

*Kolari v. New York-Presbyterian Hosp.*,
    455 F.3d 118 (2d Cir. 2006).............................................................................18

*Lichtenstein v. Cader*,
    13-cv-2690, 2013 U.S. Dist. LEXIS 127645 (S.D.N.Y. Sept. 6, 2013) ............................. 4-5

*Lomnicki v. Cardinal McCloskey Servs.*,
    04-cv-4548, 2007 U.S. Dist. LEXIS 54828 (S.D.N.Y. July 26, 2007)................................2, 5

*Luber v. Ross*,
    No. 03-cv-0493, 2006 U.S. Dist. LEXIS 951 (N.D.N.Y. Jan. 5, 2006)...................................7

*McCaul v. Ardsley Union Free Sch. Dist.*,
    No. 11-cv-5586, 2012 U.S. Dist. LEXIS 80888 (S.D.N.Y. May 4, 2014),
    *aff'd*, 514 Fed. App'x 1 (2d Cir. 2013) ...................................................................12

**Cases**                                                                                    **Pages**

*McCaul v. Ardsley Union Free Sch. Dist.*,
514 Fed. App'x 1 (2d Cir. Feb. 26, 2013)..................................................6, 11

*Monell v. Dep't of Soc. Servs.*,
436 U.S. 658 (1978)....................................................................13, 14, 15

*Phillips v. Cnty. of Orange*,
894 F. Supp. 2d 345 (S.D.N.Y. 2012).......................................................6

*Pinter v. City of New York*,
976 F. Supp.2d 539 (S.D.N.Y.2013).........................................................12

*Rolon v. Henneman*,
517 F.3d 140 (2d Cir. 2008).................................................................11

*Sanitation & Recycling Indus. v. City of New York*,
107 F.3d 985 (2d Cir. 1997)..................................................................9

*Segal v. City of New York*,
459 F.3d 207 (2d Cir. 2006)................................................................13

*Southerland v. City of New York*,
680 F.3d 127 (2d Cir. 2009).................................................................6, 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)..........................................................................4

*Tenenbaum v. Williams*,
193 F.3d 581 (2d Cir. 1999).................................................................6, 12

*Torraco v. Port Auth. of N.Y. & N.J.*,
615 F.3d 129 (2d Cir. 2010)................................................................13, 14

*V.S. v. Muhammad*,
595 F.3d 426 (2d Cir. 2010)................................................................16

*Walker v. City of N.Y.*,
621 Fed. App'x 74 (2d Cir. 2015)..........................................................10

*Wilkinson v. Russell*,
182 F.3d 89 (2d Cir. 1999)...................................................................8

*Wray v. City of New York*,
490 F.3d 189 (2d Cir. 2007)................................................................14

**Cases**                                                                  **Pages**

*Young v. Cnty. of Fulton*,
   999 F. Supp. 282 (N.D.N.Y. 1998) ................................................................7, 17

**Statutes**

28 U.S.C. § 1367(c)(3) ...................................................................................17

42 U.S.C. § 1983 ...............................................1, 5, 6, 11, 12, 13, 14, 16

Fam. Ct. Act Article 10 ...............................................................................2, 5

Fed. R. Civ. P.12(b)(6) ...............................................................................1, 3, 4

N.Y. Soc. Servs. Law §424 .........................................................................9

## PRELIMINARY STATEMENT

Plaintiff Elliot Dabah brings this action pursuant to 42 U.S.C. § 1983 and New York state law against the City of New York, Nicole Franklin, Felix Dumay, Myrtle Green, Sharon Atkins, and Sherill Douglas-Alexis (collectively, "Defendants")[1] in connection with an investigation of Plaintiff by the New York City Administration for Children's Services ("ACS") following a report made to the New York State Central Register of Child Abuse and Maltreatment and ACS's commencement of a child neglect proceeding against him in Family Court.

Following Plaintiff's divorce from his children's mother, the mother was awarded sole legal and physical custody, with Plaintiff being granted visitation rights. Plaintiff appears to allege that in the course of its investigation, ACS improperly relied on statements about Plaintiff made by the children's mother and her new husband, as well as the subject child herself, who was allegedly pressured by her mother to make untrue accusations against Plaintiff.

As set forth more fully below, Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) on the grounds that: (1) Plaintiff cannot establish a violation of the Fourteenth Amendment's Due Process Clause because (a) a non-custodial parent does not have a fundamental liberty interest in visitation and (b) Plaintiff fails to plead sufficient facts to support allegations that the Defendants' conduct was "shocking, arbitrary, and egregious;" (2) Plaintiff cannot establish a claim for malicious prosecution or abuse of process because he fails to plead facts demonstrating that ACS acted with malice, without probable cause, or that the neglect proceeding was commenced for an ulterior motive; (3) Plaintiff's municipal liability claim fails because he does not allege an unconstitutional municipal policy or practice; and (4) the

---

[1] Plaintiff also names Rica Hazelwood as a defendant. As of the filing of this motion, Ms. Hazelwood has not appeared in this case.

individual defendants are entitled to qualified immunity. Accordingly, the Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS[2]

On January 5, 2017, ACS filed two petitions in the Family Court, Kings County, pursuant to Article 10 of the Family Court Act alleging that Plaintiff neglected two of his children (the "Neglect Petitions"). See Complaint, ¶ 43. The Neglect Petitions set forth the bases for the alleged neglect, including the infliction of excessive corporal punishment and failure to provide the children with adequate supervision by leaving them alone and unattended for extended periods of time. See Declaration of Lana Koroleva dated October 19, 2020 ("Koroleva Decl."), Exhibit A (Petition concerning D.D.) and Exhibit B (Petition concerning I.D.). Specifically, the Neglect Petitions demonstrate that ACS employees interviewed both children, D.D.'s therapist, and I.D.'s teacher. See id. at "Addendum I." According to various witness statements, ACS was informed that (i) Plaintiff "slaps [D.D.] in the face anytime he feels that she is doing something wrong" and that he also "slaps her brother," (ii) both children "are fearful to go to visit with their father," (iii) Plaintiff "threatened to push [D.D.] off the top bunk of her bed and then forcibly squeezed her arm into the side of her stomach" causing her arm to hurt, (iv) Plaintiff "hits [I.D.] and he is scared," (v) Plaintiff "leaves [D.D.] and her five year old brother alone in his apartment or in his car for extended periods of time," (vi) Plaintiffs "threatens that he will hit [D.D.] on a regular basis," (vii) following ACS's involvement Plaintiff "has started to

---

[2] The facts set forth in this section are derived from the Complaint as well as the child neglect petitions and the Order of Dismissal entered in the neglect proceeding in Family Court, of which this Court may take judicial notice. See, e.g., Lomnicki v. Cardinal McCloskey Servs., 04-cv-4548, 2007 U.S. Dist. LEXIS 54828, at *1 n.1 (S.D.N.Y. July 26, 2007) (taking judicial notice of Family Court orders); Matter of Ivan S. (Irene S.), 993 N.Y.S. 2d 644, 2014 N.Y. Slip op 50836(U) (Sup. Ct. Franklin Co. May 13, 2014) (taking judicial notice of Article 10 petitions).

threaten [D.D.] and her brother more by cursing and screaming at them," (viii) Plaintiff "teases [I.D.] and often will scream at him." Id.

Plaintiff alleges that on January 5, 2017, the Family Court entered an order allowing him "to have contact with his children only during visits that defendants arranged and supervised." Complaint, ¶ 45. He further alleges that on March 16, 2017, the Family Court issued an order permitting him to "visit his children in their neighborhood, supervised by family members." Id. at ¶ 50.

On September 6, 2018, after a hearing, the Family Court judge entered an Order of Dismissal, dismissing the Neglect Petitions against Plaintiff. See Exhibit C to Koroleva Decl. ("Dismissal Order"). Notably, the court described Plaintiff's legal relationship to the children as follows:

> The parents were divorced in June 2013, and the mother was awarded sole legal and physical custody of the children. The father had access to the child[ren] on alternate weekends from Friday to Sunday, Tuesday night visits from 5:00 p.m. to 7:00 p.m., and half of all holidays.

Dismissal Order at 2.

Plaintiff's lack of legal custody over his children is similarly described in the complaint filed in this action on November 15, 2019 (the "Complaint"), which alleges that the children "stayed with plaintiff at his apartment every other weekend, from Friday afternoon until Sunday evening," pursuant to a divorce decree between Plaintiff and his ex-wife. Complaint, ¶ 15.

## STANDARD OF REVIEW

"To survive a motion to dismiss [pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting Twombly, 550 U.S. at 555).

Although a court must accept all factual allegations in the complaint as true, that requirement "is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Thus, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (internal quotations omitted).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts may properly consider matters subject to judicial notice and incorporated by reference into the complaint. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); see also Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002). "Judicial notice of public records is appropriate – and does not convert a motion to dismiss into a motion for summary judgment – because the facts noticed are not subject to reasonable dispute and are capable of being verified by sources whose accuracy cannot be reasonably questioned." Bentley v. Dennison, 852 F. Supp. 2d 379, 382 n.5 (S.D.N.Y. 2012); see also Lichtenstein v. Cader, 13-cv-2690, 2013 U.S. Dist. LEXIS 127645, at *6

(S.D.N.Y. Sept. 6, 2013). Thus, this Court may take judicial notice of relevant Family Court orders and the Article 10 petitions. See Lomnicki v. Cardinal McCloskey Servs., No. 04-cv-4548, 2007 U.S. Dist. LEXIS 54828, at *1 n.1 (S.D.N.Y. July 26, 2007) (taking judicial notice of Family Court orders); Matter of Ivan S. (Irene S.), 993 N.Y.S. 2d 644, 2014 N.Y. Slip op 50836(U) (Sup. Ct. Franklin Co. May 13, 2014) (taking judicial notice of Article 10 petitions).

## ARGUMENT

Although Plaintiff's claims are not clearly denominated, Plaintiff appears to assert (1) due process violations concerning his alleged liberty interests "in the care and custody of his children" and his "right of intimate association with his children" (First Cause of Action; Complaint, ¶ 71), (2) "grossly inadequate and unprofessional training and supervision" of the City's agents and employees (Second Cause of Action, Complaint, ¶ 75), (3) abuse of process (Third Cause of Action), (4) malicious prosecution (Third and Fourth Causes of Action), (5) interference with parental custody (Fifth Cause of Action), and (6) negligence (Sixth Cause of Action). For the reasons discussed below, Plaintiff fails to provide the grounds of his entitlement to relief with respect to all claims.

### POINT I

### PLAINTIFF CANNOT ESTABLISH A CLAIM FOR A VIOLATION OF ANY FEDERAL CONSTITUTIONAL RIGHT

To state a claim under § 1983, a plaintiff must allege that (1) the conduct complained of was "committed by a person or entity acting under color of state law" and (2) "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quotation marks and citation omitted). Although there is no dispute that Defendants were acting under color of state law,

Plaintiff has failed to state a claim for any violation of his constitutional rights and therefore cannot satisfy the second required element for brining claims under Section 1983.

### A.      Plaintiff Does Not State a Fourteenth Amendment Due Process Claim

Parents have "a constitutionally protected liberty interest in the care, custody and management of their children." Southerland v. City of New York, 680 F.3d 127, 142 (2d Cir. 2009) (quoting Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999)). This interest, however, "is counterbalanced by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves." Southerland, 680 F.3d at 152 (quotation marks and citation omitted). Thus, "[t]o state a claim for a violation of this substantive due process right of custody, a plaintiff must demonstrate that the state action depriving him of custody was 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'" Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 275 (2d Cir. 2011) (quoting Tenenbaum, 193 F.3d at 600).

"Where there is no actual loss of custody, no substantive due process claim can lie." McCaul v. Ardsley Union Free Sch. Dist., 514 Fed. App'x 1, 3 (2d Cir. Feb. 26, 2013) (quoting Cox, 654 F.3d at 276); see also Phillips v. Cnty. of Orange, 894 F. Supp. 2d 345 (S.D.N.Y. 2012) ("Plaintiffs have failed to state a viable claim that any of the actions taken by Defendants violated their substantive due process rights, for the simple reason that Plaintiffs never lost custody of [their child].").

Here, Plaintiff does not allege that he had custody of his children. Specifically, he alleges that pursuant to a divorce decree with the children's mother, the children "stayed with plaintiff at his apartment every other weekend, from Friday afternoon until Sunday evening" and

that Plaintiff "also saw D.D. and I.D. for two hours for dinner every Tuesday evening, and spent vacation time, religious holidays, the children's birthdays, and plaintiff's birthday with D.D. and I.D." Complaint, ¶¶ 15-16. Indeed, as observed by the Family Court, "the mother was awarded sole legal and physical custody of the children," and Plaintiff "had access to the child[ren] on alternate weekends from Friday to Sunday, Tuesday night visits from 5:00 p.m. to 7:00 p.m., and half of all holidays." Dismissal Order at 2.  Plaintiff alleges that after the neglect proceeding was initiated, his visits were limited such that he was only permitted supervised visits with the children. See Complaint, ¶ 45. Thus, given Plaintiff's lack of legal and physical custody of the children, his claims are premised on an alleged liberty interest in visitation rights, not custody.

However, a non-custodial parent does not have a fundamental liberty interest in visitation. See Ajamu Uwadiegwu v. Dept. of Soc. Servs., 91 F. Supp. 3d 391, 396 (E.D.N.Y. 2005) (citing Young v. Cnty. of Fulton, 999 F. Supp. 282, 286-87 (N.D.N.Y. 1998) ("The plaintiff has failed to set forth even one case which establishes that visitation, as opposed to custody is a constitutionally protected liberty interest of a parent who does not have custody.")). Thus, where a non-custodial parent alleges that an investigation by a governmental agency interfered with his visitation rights, he or she fails to set forth a valid claim for violation of a constitutionally protected liberty interest. Ajamu Uwadiegwu, 91 F. Supp. 3d at 391 (dismissing due process claim based on alleged deprivation of non-custodial visitation rights); see also Luber v. Ross, No. 03-cv-0493, 2006 U.S. Dist. LEXIS 951, at *11-12 n.9 (N.D.N.Y. Jan. 5, 2006) (finding that interference with visitation rights does not amount to a valid due process claim because "[a]s a non-custodial parent [plaintiff] does not have a fundamental liberty interest in his visitation rights").

Accordingly, because Plaintiff fails to demonstrate a deprivation of a constitutionally protected interest with respect to visitation, he fails to state a due process claim.

Even if Plaintiff has sufficiently alleged a liberty interest in visitation, the Complaint does not allege conduct that was "so egregious, so outrageous, that it may be said to shock the contemporary conscience" as required to state a substantive due process claim. Southerland, 680 F.3d at 151. The Second Circuit has "adopted a standard governing case workers which reflects the recognized need for unusual deference in the abuse investigation context." Wilkinson v. Russell, 182 F.3d 89, 104 (2d Cir. 1999). "An investigation passes constitutional muster provided simply that case workers have a 'reasonable basis' for their findings of abuse." Id.; see also Southerland, 680 F.3d at 152. "In applying a reasonableness standard in the abuse context, courts must be especially sensitive to the pressurized circumstances routinely confronting case workers, circumstances in which decisions between 'difficult alternatives' often need to be made on the basis of limited or conflicting information." Wilkinson, 182 F.3d at 105 (citation omitted). The "reasonable basis" test "permit[s] investigators considerable discretion" in their handling of abuse claims, as well as a measure of judicial "deference" in the review of investigators' conduct. Id. at 104, 106.

Here, Plaintiff has not sufficiently alleged ACS lacked a reasonable basis for commencing the child neglect proceeding against him. Plaintiff acknowledges that a report was made to the New York State Central Register of Child Abuse and Maltreatment and alleges that it was prompted by an incident at Plaintiff's residence wherein he was reported to have threatened the child D.D. for not coming off her bunk bed and as a result of Plaintiff's actions D.D.'s arm was hurt. Complaint, ¶ 30. Plaintiff alleges that his ex-wife "instigated" this report,

which contains "false allegations" against Plaintiff, and "used defendants as a vehicle for getting plaintiff out of their lives and out of the lives of D.D. and I.D." <u>Id.</u>, ¶¶ 30, 42.

Plaintiff alleges that ACS case workers' investigation of the report was inadequate because they did not question Plaintiff's current wife about the incident referenced in the report and relied upon statements made by Plaintiff's ex-wife and her new husband as well as the child D.D., who "had been pressured by her mother to make distorted and untrue accusations against plaintiff." <u>Id.</u>, ¶ 32. These allegations, however, do not describe conduct that is shocking, arbitrary, and egregious. Indeed, Plaintiff does not dispute that a report was made against him and that D.D. made statements to ACS and others concerning the allegations contained in the report.

ACS was mandated to investigate the allegations contained in the report. *See* N.Y. Soc. Servs. Law §424. As detailed in the Neglect Petitions, ACS was faced with claims by witnesses that (i) Plaintiff subjects both children to physical violence, (ii) both children are afraid of Plaintiff and fearful of going to visit him, (iii) Plaintiff leaves the children alone in his apartment or in his car for extended periods of time, (iv) Plaintiff regularly threatens the child D.D. that he will hit her, and (v) Plaintiff retaliated against the children following ACS's involvement by threatening them. <u>See</u> Neglect Petitions, Addendum I. Under such circumstances, it was reasonable for ACS to commence the neglect proceeding against Plaintiff, and its actions are far from shocking, arbitrary, and egregious. Further, that the Family Court considered these statements and issued an order based on these statements, which were made by witnesses (including Plaintiff's children) to ACS, does not support Plaintiff's assertion that "defendants knew or reasonably should have known" (Complaint, ¶ 46) that these statements were false.

Accordingly, as a matter of law, Plaintiff has failed to state a claim for a violation of his substantive due process rights in connection with the child neglect proceeding.

**B.      Plaintiff Does Not State a Right to Intimate Association Claim**

Plaintiff appears to assert a claim for violation of his right of intimate association, which "guarantees an individual the choice of entering into an intimate relationship free from undue intrusion by the state." Sanitation & Recycling Indus. v. City of New York, 107 F.3d 985, 996 (2d Cir. 1997) (citation omitted). Although this claim can derive from either the First or Fourteenth Amendment, "courts within this Circuit specifically addressing the right to intimate association vis-à-vis parent-child relationships have analyzed the right under the principles of substantive due process rather than the First Amendment." Ajamu Uwadiegwu, 91 F. Supp. 3d at 397-98.

As discussed supra with respect to Plaintiff's due process claim, (i) Plaintiff was not the custodial parent, and where there is no loss of custody, a substantive due process claim cannot exist and (ii) none of the actions attributed to ACS in the Complaint can be said to be arbitrary, shocking, and egregious. Further, "to the extent a child is removed from his or her parents' custody pursuant to a family court order, there is no claim for interference with rights to familial association." See Estate of Keenan v. Hoffman-Rosenfeld, No. 16-cv-0149, 2019 U.S. Dist. LEXIS 126330, at *26-27(E.D.N.Y. July 29, 2019). Thus, Plaintiff cannot state a claim for a violation of his constitutional right to intimate association. See, e.g., *Ajumu Uwadiegwu*, 91 F. Supp. 3d at 399 (dismissing plaintiff's claim for a violation of his right to intimate association where plaintiff was not the custodial parent and failed to allege state action that was arbitrary, shocking, and egregious).

### C.   Plaintiff Does Not State a Malicious Prosecution Claim

Plaintiff alleges that in commencing and prosecuting the child neglect proceeding against him in Family Court, ACS engaged in malicious prosecution under the Fourth and Fourteenth Amendments, as well as New York State law. Complaint, ¶¶ 93, 97.

It is not settled in the Second Circuit whether the initiation of child neglect proceedings can give rise to a malicious prosecution claim. See Walker v. City of N.Y., 621 Fed. App'x 74, 76 (2d Cir. 2015) (noting that "the law in our Circuit is unsettled as to whether child removal proceedings can give rise to a federal claim for malicious prosecution of a parent"). Even if initiation of a child neglect proceeding could give rise to a malicious prosecution claim, Plaintiff fails to allege sufficient facts to support such a claim.

"Claims for malicious prosecution, brought under 42 U.S.C.S. § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are substantially the same as claims for malicious prosecution under state law." Anilao v. Spota, 774 F. Supp. 2d 457, 464 (E.D.N.Y. 2011). "In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment . . . and establish the elements of a malicious prosecution claim under state law." Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002) (internal citations omitted). A Fourth Amendment claim requires a plaintiff to plead a "seizure" – that is, arrest or other detainment. See Rolon v. Henneman, 517 F.3d 140, 144 (2d Cir. 2008). To establish a malicious prosecution claim under New York law, "a plaintiff must show that a proceeding was commenced or continued against him, with malice and without probable cause, and was terminated in his favor." Id.; see also McCaul v. Ardsley Union Free Sch. Dist., 514 Fed. App'x 1, 6 (2d Cir. 2013) (same).

Here, Plaintiff does not allege sufficient facts suggesting that ACS acted without probable cause, much less that he was arrested or otherwise detained in connection with the neglect proceedings. <u>See</u> <u>Rolon</u>, 517 F.3d at 144 (affirming district court's dismissal of plaintiff's malicious prosecution claim under § 1983 for failure to plead a "seizure" within the meaning of the Fourth Amendment); <u>see also Estate of Keenan</u>, 2019 U.S. Dist. LEXIS 126330 at *24 ("where a plaintiff is charged in an administrative proceeding, but never taken into custody, imprisoned, physically detained or seized within the traditional meaning of the Fourth Amendment, there is no deprivation of liberty constituting a Fourth Amendment violation").

Plaintiff also fails to allege that malice was the motivating factor in commencement of the neglect proceeding. To the extent Plaintiff asserts that the proceeding was groundless, "the mere groundless initiation of a neglect proceeding in Family Court" without more is insufficient to state a malicious prosecution claim. <u>McCaul v. Ardsley Union Free Sch.</u> <u>Dist.</u>, No. 11-cv-5586, 2012 U.S. Dist. LEXIS 80888 at *10 (S.D.N.Y. May 4, 2014), <u>aff'd</u>, 514 Fed. App'x 1, 6 (2d Cir. 2013).

Accordingly, Plaintiff has failed to state a claim for malicious prosecution under either federal or state law in connection with the child neglect proceeding.

### D.   Plaintiff Does Not State an Abuse of Process Claim

Plaintiff alleges that in commencing and prosecuting the child neglect proceeding against him in Family Court, ACS engaged in abuse of process under the Fourth and Fourteenth Amendments. Complaint, ¶ 90.

For an abuse of process claim under Section 1983, courts turn to state law for the elements of abuse of process. <u>Cook v. Sheldon</u>, 41 F.3d 73, 80 (2d Cir. 1994). Under New York State law, the elements of abuse of process are that the defendant "(1) employs regularly issued

legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Id. (citation omitted). A Section 1983 abuse of process claim also requires the plaintiff to allege the violation of a constitutional right. Id. "[T]he proper use of legal process based on an improper or malicious motive such as a desire for retaliation is insufficient to satisfy the 'collateral objective' requirement." Pinter v. City of New York, 976 F. Supp.2d 539, 568 (S.D.N.Y.2013). "A malicious abuse of process claim thus requires an ulterior purpose such as the infliction of economic harm, extortion, blackmail, or retribution." Hoyos v. City of New York, 999 F. Supp. 2d 375, 391 (E.D.N.Y. 2013).

As with Plaintiff's malicious prosecution claim, the claim for abuse of process is utterly devoid of specific factual allegations that would satisfy the elements of this cause of action. That is, Plaintiff fails to allege that the process allegedly misused is regularly issued, that Defendants intended to harm him without justification, or that they commenced the neglect proceeding with an ulterior purpose. Accordingly, Plaintiff fails to state a claim for abuse of process.

### POINT II

### PLAINTIFF FAILS TO ALLEGE FACTS SHOWING THAT HIS INJURIES AROSE FROM AN OFFICIAL POLICY OR PRACTICE GIVING RISE TO MUNICIPAL LIABILITY

As discussed above, Plaintiff fails to state any constitutional claims. For this reason alone, Plaintiff's municipal liability claim against the City should be dismissed. See Torraco v. Port Auth. of N.Y. & N.J., 615 F.3d 129, 140 (2d Cir. 2010) (dismissing plaintiff's § 1983 claim against the municipality for failure to show that his constitutional rights were

violated); <u>Segal v. City of New York</u>, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under <u>Monell</u> was entirely correct."). Even assuming that Plaintiff's rights were violated in some way by a City employee, Plaintiff has failed to allege facts sufficient to show that such a violation was caused by a municipal policy or custom. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691-695 (1978).

The City may not be held liable under a *respondeat superior* theory. <u>See</u> <u>Monell</u>, 436 U.S. at 691-695; <u>see also</u> <u>Bd. of County Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997) ("A municipality may not be held liable under § 1983 solely because it employs a tortfeasor."). Instead, to state a claim against a municipality under § 1983, a plaintiff must "plead three elements: (1) an official policy or custom that (2) cause[d] the plaintiff to be subjected to (3) denial of a constitutional right." <u>Torraco</u>, 615 F.3d at 140 (quoting <u>Wray v. City of New York</u>, 490 F.3d 189, 195 (2d Cir. 2007)). "The plaintiff must also demonstrate that, through its <u>deliberate</u> conduct, the municipality was the 'moving force' behind the injury alleged. <u>Brown</u>, 520 U.S. at 404 (emphasis in original); <u>see also</u> <u>Connick v. Thompson</u>, 563 U.S. 51, 58 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting <u>Monell</u>, 436 U.S. at 692)).

Plaintiff fails to clearly articulate a specific policy or practice of ACS that he alleges is unconstitutional. Instead, in conclusory fashion, Plaintiff alleges the existence of the following policies or practices: (i) "removing and detaining children from parents who did not abuse, neglect, or endanger the children, without probable cause, without due process of law, and without constitutionally adequate investigations" (Complaint, ¶ 61); (ii) "taking the statements

(and presumed statements) of children at face value, and not making determinations as to whether the children had been coached, despite knowing that parents engaged in custody disputes may coach their children to make statements that are not true or are exaggerated" (id. at ¶ 62); (iii) "taking the statements (and presumed statements) of children at face value, ignoring evidence to the contrary" (id. at ¶ 63); (iv) "ignoring exculpatory evidence concerning the accused parents" (id. at ¶ 64); (v) "continuing to prosecute the parents after probable cause dissipates" (id. at ¶ 65); (vi) "continuing to detain the children from the parents after the dissipation of probable cause" (id. at ¶ l66); (vii) "conducting constitutionally deficient investigations of reports of possible abuse or neglect and ignoring facts that would demonstrate that the report was unfounded" (id. at ¶ 67); and (viii) "grossly inadequate and unprofessional training and supervision" of its agents and employees (id. at ¶ 75).

Even under the most generous construction of the Complaint, Plaintiff alleges no facts from which the Court can infer that the alleged deprivations of his constitutional rights occurred pursuant to an official City policy or practice. The alleged policies and practices are entirely conclusory and unsupported by factual allegations.

Further, although Monell liability can be premised on inadequate supervision, Plaintiff fails to adequately plead this claim. To state a municipal liability claim based on a failure to supervise theory, a plaintiff must demonstrate "deliberate indifference by showing that the need for more or better supervision to protect against constitutional violations was obvious, but that [the municipal defendant] made no meaningful attempt to forestall or prevent the unconstitutional conduct." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 127 (2d Cir. 2004) (internal quotation marks and citation omitted). Here, Plaintiff's allegation regarding a lack of supervision is wholly conclusory and unsupported by a single factual allegation showing

that "a policymaking official had notice of a potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was 'obvious,'" and that "the policymaker[] fail[ed] to investigate or rectify the situation." Id. at 128. Plaintiff also fails to allege that the City was the "moving force" behind his alleged injury sufficient to establish that the City caused his alleged injuries. In addition, Plaintiff fails to properly plead failure to train because he fails to identify a training deficiency that "actually caused" the alleged constitutional deprivation. Id. at 129-30.

Finally, Plaintiff fails to allege facts suggesting that anyone other than Plaintiff has been subjected to any purported constitutional deprivation. See Koger v. New York, No. 13-cv-7969, 2014 U.S. Dist. LEXIS 105764, at *26-27 (S.D.N.Y. July 31, 2014). At most, Plaintiff alleges a single incident in the Complaint – the simultaneous filing of the Neglect Petitions. A single incident, however, "especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (quotation marks and citation omitted); see also Curry v. City of Syracuse, 316 F.3d 324, 330 (2d Cir. 2003) ("a municipality may not be held liable under § 1983 simply for the isolated unconstitutional acts of its employees") (quotation marks and citation omitted). Thus, Plaintiff "cannot infer a policy from the alleged violation of his own civil rights." Anderson v. City of New York, 657 F. Supp. 1571, 1574 (S.D.N.Y. 1987).

Accordingly, Plaintiff has failed to allege a plausible theory of liability against the City under Section 1983 in connection with the child neglect proceeding.

- 16 -

## POINT III

## THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

"ACS caseworkers and their superiors are generally entitled to qualified immunity from claims under Section 1983 if it was objectively reasonable for the caseworkers to believe their conduct did not violate clearly established statutory or constitutional rights of which a reasonable caseworker would have known." V.S. v. Muhammad, 595 F.3d 426, 431 (2d Cir. 2010) (citing Cornejo, 592 F.3d at 128-29).

Here, the individual defendants are entitled to qualified immunity because Plaintiff fails to allege that they violated any of his clearly established constitutional rights and that their actions were not objectively reasonable. As discussed above in Point I, the neglect proceeding was commenced following an investigation by ACS that revealed statements of witnesses who alleged that Plaintiff was physically and emotionally abusive toward both children, that the children feared Plaintiff, and that Plaintiff left the children unsupervised for extended periods of time. See Neglect Petitions, Addendum I. Accordingly, it was objectively reasonable for ACS to commence and prosecute the neglect proceeding. Further, Plaintiff's allegations concerning the alleged inadequacy of the case workers' investigations are entirely conclusory and "do not permit the court to infer more than a mere possibility of misconduct." Iqbal, 556 U.S. at 679. Certainly Plaintiff has not pled the individual defendants acted unreasonably. As a result, the individual defendants are entitled to qualified immunity and all claims against them should be dismissed.

In addition, as discussed above in Point I, Plaintiff, as a non-custodial parent, cannot claim a constitutionally protected interest in visitation. Without a clearly established right of which a reasonable person would have known, the individual defendants are therefore immune

- 17 -

from liability under the qualified immunity doctrine. See Young, 999 F. Supp. at 286-87 (finding because plaintiff could not claim a constitutionally protected liberty interest in visitation rights, the case workers were entitled to the privilege of qualified immunity).

POINT IV

**THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

As discussed above, Plaintiff's federal claims against the City are not viable. As a result, this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims based on malicious prosecution (Fourth Cause of Action), interference with parental custody (Fifth Cause of Action), and negligence (Sixth Cause of Action). A district court "may decline to exercise supplemental jurisdiction over" a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Berry-Mayes v. N.Y. Health & Hosps. Corp., 14-CV-9891, 2016 U.S. Dist. LEXIS 195175, at 38-39 (S.D.N.Y. Sept. 19, 2016) (declining to exercise supplemental jurisdiction over plaintiff's state and local law claims following dismissal of federal law claims). In "the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (internal quotation marks and citation omitted). However, even if the Court were to exercise supplemental jurisdiction over Plaintiff's state law claims, Plaintiff fails to state a claim against the City.

Plaintiff's state law claims for malicious prosecution and interference with parental custody should be dismissed for the same reasons discussed above in Point I concerning their federal counterparts. As for the negligence claim, Plaintiff fails to sufficiently plead this cause of action. "Under New York law . . . a plaintiff must establish three elements to prevail on

a negligence claim: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." <u>Aegis Ins. Servs., Inc. v. 7 World Trade Co.</u>, 737 F.3d 166, 177 (2d Cir. 2013) (quotation marks and citation omitted). Plaintiff must also allege that the defendant's breach proximately caused his or her injuries.  <u>Alfaro v. Wal-Mart Stores, Inc.</u>, 210 F.3d 111, 114 (2d Cir. 2000).

Even if Plaintiff could establish that ACS owed him a duty, the allegations regarding the alleged breach are entirely conclusory. Further, for the reasons discussed in Point I above concerning Plaintiff's due process claim, Defendants' actions were objectively reasonable. Thus, Plaintiff fails to state a claim for negligence under the pleading standards set forth in <u>Twombly</u>. <u>See</u> <u>Twombly</u>, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

<u>**CONCLUSION**</u>

Based on the foregoing, Defendants respectfully request that this Court grant their motion and dismiss the Complaint in its entirety, and award them such other and further relief as the Court deems just and proper.

Dated:        October 19, 2020
              New York, New York

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, NY 10007
t: (212) 356-4377
f: (212) 356-2089
e: lkorolev@law.nyc.gov

By:        s/ *Lana Koroleva*
           _____
           Lana Koroleva
           Assistant Corporation Counsel